IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**HECTOR JAVIER GARCIA**,

        Defendant.

Case No. 3:20-cr-373-SI-6

**ORDER**

**Michael H. Simon, District Judge.**

Defendant Hector Javier Garcia, representing himself, moves under 28 U.S.C. § 2255 for a downward adjustment of his sentence. The Court has reviewed Garcia's motion and the Government's response and exhibits. For the reasons explained below, the Court denies Garcia's motion.

**A. Standards**

    **1. Section 2255**

Section 2255 permits a federal prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

PAGE 1 – ORDER

>maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). A prisoner seeking relief under § 2255 must file that motion within a one-year statute of limitations. *Id.* § 2255(f).

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quotation marks omitted) (alteration in original). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Merely conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

If a court denies a habeas petition, the court may issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the prisoner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see* 28 U.S.C. § 2253(c)(2). Although a prisoner is not required to prove the merits of the prisoner's case for the court to issue a certificate of appealability, the prisoner must show

"something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotation marks omitted).

### 2. Ineffective Assistance of Counsel

The established federal law governing claims of ineffective assistance of counsel is stated in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A challenger must prove (1) that counsel's performance was deficient and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

Under the first prong of *Strickland*, for counsel's performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). ). "[S]trategic choices made after thorough investigation of law and facts" by attorneys "are virtually unchallengeable." *Miles v. Ryan*, 713 F.3d 477, 490 (9th Cir. 2012) (quoting *Strickland*, 466 U.S. at 690-91).

Under the second prong of *Strickland*, prejudice is established when there is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Because a convicted defendant must satisfy both prongs of the *Strickland* test, failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 697 (explaining that it is not necessary for a court evaluating the merits of

PAGE 3 – ORDER

an ineffective assistance claim to analyze the components of the applicable test in any particular order or to evaluate both components if the petitioner fails to carry his burden as to one aspect of the test).

## B. Background

On May 30, 2023, Garcia pleaded guilty before U.S. District Judge Adrienne Nelson, who presided over the plea in the undersigned judge's absence. Garcia pleaded guilty to one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). ECF 430 at 1-2. In his plea agreement, the government stated that it would argue that Garcia was subject to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1), and that he was ineligible for a safety valve adjustment under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, because of the presence of a dangerous weapon. *Id.* ¶¶ 7, 9. At the plea colloquy, counsel for the government noted that the charge for which Garcia was pleading guilty carried a five year mandatory minimum sentence, adding:

> the fact that the defendant was in possession of a firearm, which I will speak to in a moment, may preclude any sentence less than the mandatory minimum of five years.
>
> That will be an issue that we will address at sentencing before Judge Simon, and that is clear in the plea paperwork that he has agreed to.
>
> . . . .
>
> DEA executed a search warrant at the defendant's residence. While at the residence, they seized a .22 caliber rifle in his bedroom along with prepackaged quantities of methamphetamine, just over $1,500 in U.S. currency. They also found a leather satchel, which contained ammunition and also contained a safe. Inside the safe there were two .9 millimeter Glock magazines and a box of .9 millimeter ammunition. That will, in fact, be an issue, again, that will be in dispute.

ECF 456 at 12-14.

PAGE 4 – ORDER

Garcia pleaded guilty, agreeing that he "understood the facts as described." *Id.* at 14. Judge Nelson also inquired if Garcia was satisfied with the legal counsel, representation, and advice given to him by his attorney, Tara Herivel. *Id.* at 6. Garcia responded that he was. *Id.* Judge Nelson had counsel for the government reiterate the potential penalty for the charges, and the government's counsel stated that Garcia faced a maximum sentence of 40 years, that there was a mandatory minimum sentence of five years, and a maximum fine of $5 million. *Id.* at 8-9. Garcia confirmed that he understood all this. *Id.* at 9. Judge Nelson found that Garcia was fully competent and capable of entering an informed plea, that Garcia was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. *Id.* at 11, 14. Judge Nelson accepted the plea, and Garcia was adjudged guilty. *Id.* at 14. A sentencing hearing was set for September 14, 2023, before the undersigned judge. *Id.* at 15.

At the September sentencing hearing, counsel for Garcia, Ms. Herivel, argued against the Government's position that Garcia was ineligible for the safety valve because a gun was used in connection with the offense. ECF 457 at 8-20. Ms. Herivel argued that the gun was inoperable at the time and was hung unloaded merely as decoration. *Id.* at 15-16. She called Garcia to testify, and he confirmed that he used to go shooting on occasion with the gun but it stopped working so he hung it unloaded as decoration. *Id.* at 17-20. The Court, however, focused on the fact that ammunition for the gun was found in the same room as were found the gun and drugs. *Id.* at 22. The Court found Garcia's explanation that he had ammunition from when he was shooting with friends several months earlier to be implausible. *Id.* at 23. The Court concluded that Garcia failed

PAGE 5 – ORDER

to meet his burden of showing by a preponderance of the evidence that the gun was not used in connection with the drug offense. *Id.*

Because Garcia was ineligible for the safety valve, the law required the Court to impose the mandatory minimum sentence of 60 months, regardless of the lower sentence determined under the advising sentencing guidelines. The Court noted Garcia's concern about sentence disparities with others in the same drug ring but emphasized that the Court was required to impose a mandatory minimum sentence as dictated by Congress. *Id.* at 25. Garcia did not appeal his sentence.

Garcia filed the pending motion under 28 U.S.C. § 2255 to vacate, set aside, or modify his sentence. ECF 478. Garcia asserts two grounds for the conclusion that he received ineffective assistance of counsel. First, he argues that his attorney "assured" Garcia that he would not receive the two-point firearm enhancement. Second, he argues that his attorney failed to have Garcia's firearm tested, which would have shown that the firearm was unable to be fired and thus, he contends, it would not have qualified as a firearm and resulted in the two-point enhancement. Garcia does not mention the safety valve, but the Court liberally construes his filing as also asserting harm from his alleged ineffective assistance of counsel based on Garcia's ineligibility for the safety valve due to the presence of the firearm.

## C.  Discussion

Garcia does not provide any factual support for his claim that he should not have received the gun enhancement and should have been found eligible for the safety valve. Rather, Garcia incorrectly asserts that the gun enhancement was not part of his plea agreement, even though it was explained in the written agreement that the government would argue for the gun enhancement and that Garcia was ineligible for the safety valve. Further, the government's counsel explained during Garcia's plea colloquy that the firearm enhancement "will be"

PAGE 6 – ORDER

discussed with the undersigned judge at sentencing, which it was. Regarding the operability of the gun, pursuant to U.S.S.G. § 1B1.1, Application Note (H), operability is not a requirement. A firearm includes a weapon that "will or is designed to or may readily be converted to expel a projectile by the action of an explosive." *Id.* Garcia has no meritorious argument that his rifle, even if inoperable for an unknown reason at the time of his arrest, was not "designed" or "readily [able to] be converted" to a fireable weapon. Garcia thus has failed to provide "specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062 (cleaned up).

Further, the Ninth Circuit has held that the § 2D1.1(b)(1) "enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *United States v. Gomez*, 6 F.4th 992, 1008 (9th Cir. 2021) (simplified). "In determining whether the weapon was connected with the offense, [the Ninth Circuit has] concluded that the 'offense' in this context refers to the entire course of criminal conduct, not just the crime of conviction. *United States v. Gomez*, 6 F.4th 992, 1009 (9th Cir. 2021) (cleaned up). Additionally, "the fact that a firearm was unloaded does not make it 'clearly improbable that the weapon was connected to' the drug offense." *Id.* (quoting *United States v. Lopez-Sandoval*, 146 F.3d 712, 716 (9th Cir. 1998)). Here, it was undisputed at sentencing that money, a scale with drug residue, methamphetamine, and ammunition were found in *Garcia's room* where the rifle also was found. The proximity of the weapon to drugs and drug paraphernalia is sufficient for application of the firearm enhancement under § 2D1.1(b)(1), and Garcia's argument based on inoperability is unavailing.

Based on the foregoing, the Court finds that Garcia was and is ineligible for the safety valve, application of 2D1.1(b)(1) was proper, and Garcia has not made specific factual

allegations that require an evidentiary hearing. *See Withers*, 638 F.3d at 1062 (stating that an evidentiary hearing is required if "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted"). Thus, his motion fails under both prongs of *Strickland*.

D.  **Conclusion**

The Court DENIES Garcia's motion for relief under 28 U.S.C. § 2255, ECF 478.

**IT IS SO ORDERED**.

DATED this 12th day of May, 2025.

>   /s/ *Michael H. Simon*
>   Michael H. Simon
>   United States District Judge